# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-206(2) (DWF/LIB) |
| | Civil No. 16-1214 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Edward McCabe Robinson, | |
| a/k/a Eddie, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Edward McCabe Robinson's ("Petitioner-Defendant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 462.) Petitioner-Defendant also filed a reply to the Government's response to his motion, (Doc. No. 528), to which the Government filed a response (Doc. No. 532).

Petitioner-Defendant in his § 2255 motion alleges that his trial and appellate counsel, who was the same lawyer, was ineffective in three ways: (1) for failing to raise on appeal a claim of insufficient evidence to support the jury's verdict; (2) for failing to raise on appeal a claim that the trial court erred in denying his motion for judgment of acquittal; and (3) for failing to raise at trial and on appeal a claim that the prosecutor paid a witness for false testimony. Petitioner-Defendant, in his reply to the Government's response to his § 2255 motion, alleges that the Government admitted to due process

violations that must result in a new trial or reversal of his convictions because the Government did not deny the allegations as alleged in his initial § 2255 petition. Petitioner-Defendant also alleges that, based on the evidence in the case against all four defendants, the results between the individual defendants' verdicts are inconsistent and that his counsel was ineffective for failing to ask for appellate review of whether the Court erred in failing to grant a motion for judgment of acquittal.  Finally, the Petitioner-Defendant asserts that the Government did not address the meaning of the words in 18 U.S.C. § 201(c)(2).   The Government opposes Petitioner-Defendant's motions and also asserts that his claims are procedurally defaulted.  (Doc. Nos. 520 & 532.)  For the reasons that the Court discusses below, the Court respectfully denies Petitioner-Defendant's motions.

## BACKGROUND

In August 2012, a federal grand jury returned an Indictment charging Petitioner-Defendant and his codefendants, Geshik-O'Binese Martin, David John Martin, George Allen Martin, Kevin John Needham, and Terin Rene Stately, with aiding and abetting Murder in the First Degree, aiding and abetting Murder in the Second Degree, all in violation of Title 18, United States Code, Sections 2, 1111, 1151, and 1153(a), and aiding and abetting Robbery in violation of Title 18, United States Code, Section 2, 1151, 1153(a), and 2111, for their respective roles in the robbery and deaths of Craig David Roy and Darla Ann Beaulieu on or about January 1, 2011.  (Doc. No. 1.)

The case was tried before a jury for nine days, beginning on February 25, 2013.

Petitioner-Defendant did not testify on his own behalf. Importantly, it was the position of each and every defendant, whether they testified or not, that no robbery occurred on January 1, 2011. As the jury verdict established, the jury rejected the testimony of all witnesses on that issue and after approximately two days of deliberation, the jury returned a verdict finding Petitioner-Defendant guilty on all counts.[1] (Doc. No. 276.)

On December 20, 2013, this Court sentenced Petitioner-Defendant to consecutive terms of life imprisonment for the first-degree murder convictions and a concurrent term of 15 years' imprisonment for the robbery conviction. (Doc. No. 396.)

On appeal, Petitioner-Defendant made three arguments to the Eighth Circuit Court of Appeals: (1) that the Court erred when it denied Petitioner-Defendant's motion to sever trial; (2) that Petitioner-Defendant's Fifth Amendment right to remain silent was violated when the prosecutor referred to his failure to testify; and (3) that Petitioner-Defendant's due process and Rule 43 rights were violated when the Court engaged in alleged *ex parte* conversation with the jury venire during jury selection. *United States v. Martin*, 777 F.3d 984, 990-92 and 994-97 (8th Cir. 2015). The Eighth Circuit Court of Appeals rejected each of Petitioner-Defendant's argument and affirmed the judgment of this Court. *Id.* at 998.

---

[1] Codefendant Geshik-O-Binese Martin was convicted on all counts of murder and robbery. (Doc. Nos. 274 & 276.) Codefendant George Martin was acquitted on all counts. (Doc. Nos. 280 & 282.) Codefendants Terin Stately and Kevin Needham entered pleas of guilty prior to trial. (Doc. Nos. 148 & 248.)

Petitioner-Defendant did not file a petition for a writ of certiorari with the United States Supreme Court.

On May 9, 2016, Petitioner-Defendant filed his *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 462.)

## DISCUSSION

**I.     Section 2255 Legal Standard and Procedural Issues**

As the Government has observed, Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, contrary to a number of Petitioner-Defendant's assertions which will be addressed below, § 2255 does not encompass all claimed errors in conviction and

4

sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Importantly, a § 2255 motion may not be utilized to collaterally attack issues that have been raised and decided on direct appeal. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Consequently, claims that were raised and decided on direct appeal cannot be reargued in a motion pursuant to 28 U.S.C. § 2255. *See English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993). Moreover, "a defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a § 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocense." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001), *citing Bousely v. United States*, 523 U.S. 614, 622 (1998). Failure to raise an issue on direct appeal, in most cases, constitutes procedural default and precludes a defendant from raising that issue for the first time in a § 2255 motion. *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000).

## II. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687

(1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . . rendered adequate assistance." *Id.* A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III.    Timeliness of Petitioner-Defendant's § 2255 Motion

As observed by the Government, a motion by a federal prisoner for post-conviction relief pursuant to Title 28, United States Code, Section 2255 is subject to a one-year time limitation that generally runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a defendant does not file a petition for a writ of certiorari to the United States Supreme Court after an unsuccessful direct appeal from a judgment of conviction, the judgment of conviction becomes final when the time expires for filing a petition for certiorari**.** *Clay v. United States*, 537 U.S. 522, 525 (2003). The 90-day period of time for filing a certiorari petition runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. *Id.* at 527.

In this case, the date of entry of the judgment from the Eighth Circuit Court of Appeals was February 4, 2015. *Martin*, 777 F.3d 984. Petitioner-Defendant did not file a petition for certiorari to the United States Supreme Court. Consequently, the 90-day period of time for filing a certiorari petition expired on May 5, 2015. Petitioner-Defendant's one-year time limitation for filing a post-conviction relief therefore expired on May 5, 2015. Petitioner-Defendant's § 2255 motion was filed on May 9, 2016. (Doc. No. 462.) Significantly, however, his § 2255 motion was mailed from a United States Penitentiary on May 3, 2016. Therefore, neither the Government nor does this Court challenge the timeliness of Petitioner-Defendant's filing of his § 2255 motion. *See Houston v. Lack*, 487 U.S. 255, 276 (1988) (date of filing for petitioner who is in custody is on day that petitioner delivered filing to prison authorities for forwarding to the clerk of court).

## IV. Ineffective Assistance of Counsel

### A. Sufficiency of evidence claim on appeal

Petitioner-Defendant, in his first § 2255 claim, asserts that his appellant counsel was ineffective for failing to raise a sufficiency of evidence claim on appeal. Specifically, Petitioner-Defendant asserts that the testimony of codefendant Terin Stately and jailhouse informant Ray Brown was so deficient that no jury could have found Petitioner-Defendant guilty of murder or robbery. Petitioner-Defendant also asserts that the Government violated his constitutional rights by offering the testimony of Stately even though the Government knew, he alleges, that she had lied. Petitioner-Defendant

also claims that the Government violated his constitutional rights by offering the testimony of Ray Brown because he was an unreliable informant that had given false information in the past. Consequently, Petitioner-Defendant claims that, for these reasons, his counsel was ineffective for failing to raise a sufficiency of the evidence claim on appeal.

As observed by the Government, Petitioner-Defendant makes no attempt to compare the validity and strength of his claim of sufficiency of the evidence to those claims that his appellate counsel did assert on appeal.

It must be noted, as both parties are aware, that on a sufficiency of the evidence claim, a reviewing court will view the evidence in the light most favorable to the jury's verdict and give it the full benefit of all reasonable inferences. *United States v. Johnson*, 474 F.3d 1044, 1048 (8th Cir. 2007).

As correctly observed by the Government, the evidence in the case before the jury did not relate solely to the testimony of codefendant Terin Stately and jailhouse informant Ray Brown. Rather, there was persuasive circumstantial evidence, including numerous individuals that were with the six codefendants at Adrianne Beaulieu's residence during the evening of January 1, 2011, and the morning of January 2, 2011.

The Government introduced testimony from Vickie Lynn Neadeau, who knew Petitioner-Defendant and testified that conversations took place at Adrianne Beaulieu's residence prior to the codefendants traveling to Roy's (murder victims) residence. (Tr. 714, 716-17.) Neadeau also testified that at least David Martin and Geshik-O-Binese

8

Martin discussed robbing Roy of his cocaine. (Tr. 716, 742.) Moreover, when the six codefendants returned to the residence, codefendant Geshik-O-Binese Martin had the cocaine. (Tr. 718.) Neadeau also testified that she saw a long gun that was not at the residence prior to the departure of the six codefendants. (Tr. 739-40.) She further testified that when David Martin gave her a ride in Terin Stately's car the following morning, she observed a smear of blood in the back seat of the vehicle. (Tr. 720.)

Significantly, Petitioner-Defendant does not note in either of his § 2255 submissions to this Court that the Government introduced the testimony of Nicole Robinson, Petitioner-Defendant's cousin. (Tr. 747-48.) On January 1, 2011, Nicole Robinson visited Petitioner-Defendant at Adrianne Beaulieu's residence. (*Id.*) Nicole Robinson testified that Vickie Neadeau arrived at Beaulieu's residence and told Petitioner-Defendant and others present that Roy had beat her up. (Tr. 755-59.) Nicole Robinson testified that she heard Geshik-O-Binese Martin tell David Martin to "just pretend like you're going there and going to grab your clothes." (Tr. 760.) Nicole Robinson also testified that Petitioner-Defendant and his five co-defendants left the residence after this conversation. (Tr. 759-60.) Nicole Robinson testified that Petitioner-Defendant, Geshik-O'Binese Martin, and George Martin returned approximately two to three hours later, and Geshik-O-Binese Martin said that he needed to wash his hands. (Tr. 762-63.) Robinson then told Nicole Robinson to go to the back bedroom at Beaulieu's residence with him and Adrianne Beaulieu. (Tr. 762-63.)

9

Importantly, Petitioner-Defendant's girlfriend, Adrianne Beaulieu, testified that in the days that followed January 1, 2011, Petitioner-Defendant told her that he killed Beaulieu's cousin. (Tr. 959-60.) The Court also feels compelled to note another aspect of Beaulieu's testimony when she testified that when the codefendants returned, Petitioner-Defendant and the others were covered in blood. According to her testimony, Petitioner-Defendant then showered, changed clothes, and threw his bloody clothes in a plastic garbage bag. (Tr. 948; 950-51.)

Petitioner-Defendant only focused in his argument to this Court on the testimony of Terin Stately and Ray Brown. Careful scrutiny of the testimony that was put before the jury in this case that led to the convictions of Petitioner-Defendant, clearly establish that there is no circumstance under which an appellate court would have reversed his convictions for murder and robbery. And, contrary to Petitioner-Defendant's assertions that the Government could not prove a willful, deliberate, malicious, and premeditated killing, as noted by the Government, Petitioner-Defendant was charged with murder in the first degree based upon a felony murder theory, not premeditation. Consequently, the focus of the trial was proving that the murders were committed during the course of a robbery. For the reasons stated, the Court respectfully denies Petitioner-Defendants motion on this ground for ineffective assistance of counsel.

  **B.**  **Appellate counsel's failure to raise a claim that this Court erred in denying Petition-Defendant's motion for judgment of acquittal**

Petitioner-Defendant asserts that his appellate counsel was ineffective by failing to challenge this Court's denial of his motion for a judgment of acquittal. As in his previous claim, Petitioner-Defendant again fails to evaluate, in context, the validity of this claim when it is compared to those claims that his counsel did raise on appeal.

As observed by the Government, a claim that a trial court erred in denying a motion for judgment of acquittal is reviewed *de novo* by the Circuit Court. *United States v. Chase*, 451 F.3d 474, 479 (8th Cir. 2006).

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a trial court must enter a judgment of acquittal upon motion by a defendant for any offense wherein the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). On appeal, a claim that the trial court erred in denying a motion for judgment of acquittal is evaluated in the same manner that a sufficiency of the evidence claim is reviewed. Namely, an appellate court views the evidence in the light most favorable to the government, resolving evidentiary issues in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict. *United States v. Garcia*, 562 F.3d 947, 958 (8th Cir. 2009). An appellate court will reverse only if no reasonable jury could have found the defendant guilty. *Id.*

The record before this Court belies the notion that there is any likelihood that the Eighth Circuit Court of Appeals would have overturned his conviction based on this claim. Consequently, the Court respectfully denies Petitioner-Defendant's motion on this ground for ineffective assistance of counsel.

### C. Failure to raise at trial and on appeal the fact that the Government paid witnesses for testimony in violation of 18 U.S.C. § 201(c)(2)

Petitioner-Defendant claims that the Government violated Title 18, United States Code, Section 201(c)(2), when it offered potential sentencing benefits to codefendant Terin Stately and jailhouse informant Ray Brown in exchange for their testimony. In fact, Petitioner-Defendant says that his counsel was ineffective for not raising this at trial and on appeal.

Respectfully, Petitioner-Defendant's assertion fails for two reasons.

Title 18 United States Code, Section 201(c)(2) provides that:

> Whoever directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court . . . or for or because of such person's absence therefrom

shall be guilty of a crime. In *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1998), the defendant in that case claimed that the Government violated 18 U.S.C. § 201(c)(2) when it offered an accomplice leniency in exchange for truthful testimony. Initially, as observed by the Government, a panel of the Tenth Circuit Court of Appeals reversed Singleton's conviction. *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998). However, upon rehearing *en banc*, the Tenth Circuit Court of Appeals reversed the panel and found that the United States, acting in its sovereign capacity, is not subject to 18 U.S.C. § 201(c)(2) when it offers leniency to cooperating accomplices. *Singleton*, 165 F.3d at 1301-03. With or without the Court's reliance on *Singleton*,

Petitioner-Defendant's counsel was not ineffective for failing to argue or raise on appeal what is really a claim with no good faith basis or, as the Government refers to it, a frivolous claim. It may well be that the Eighth Circuit has not ruled on this issue; however, a prosecutor offering a plea agreement or leniency in exchange for testimony, with or without payment of expenses for a codefendant or accomplice, does not violate Title 18 U.S.C. § 201(c)(2). Admittedly, we would have a different case if the prosecutor instructed an accomplice, a defendant, or any person for that matter, "Here is how you are going to testify and here is what you are going to say under oath, and in exchange for that testimony that we have instructed you to say, we will pay you." There would be, with or without Title 18 U.S.C. § 201(c)(2), a host of violations, including ethical violations. Any fair and objective scrutiny of this record clearly shows no such thing happened in this case. Consequently, there is no circumstance under which Petitioner-Defendant's counsel was required to make such an argument to this Court or the Eighth Circuit Court of Appeals. For these reasons, the Court will be denying Petitioner-Defendant's claim of ineffective assistance of counsel on this ground.

      **D.**      **Due process allegations raised in Petitioner-Defendant's reply memorandum**

Petitioner-Defendant in effect alleges that the Government violated Petitioner-Defendant's due process rights under the Fifth and Fourteenth Amendments when it offered the testimony of codefendant Terin Stately and then again violated his due process rights relying on an unreliable informant, Ray Brown, and that because of that,

his appellate counsel was ineffective for failing to raise these so-called due process violations in conjunction with the sufficiency of the evidence claim on appeal which the Court has addressed above.

Succinctly stated, the record before this Court, when all of the evidence is viewed that was put before the jury, belies entirely the allegations of Petitioner-Defendant. There is no circumstance under which the record provides even a scintilla of evidence that his due process rights were violated and therefore his lawyer was ineffective because of the testimony of Ray Brown and Terin Stately. And, not unlike most, if not all, criminal jury trials, to the extent there were asserted inconsistencies between the testimony of different witnesses and codefendants, those issues were addressed directly on direct and cross-examination. Importantly, as correctly observed by the Government, these issues, asserted by Petitioner-Defendant as they relate to the testimony of codefendant Terin Stately and Ray Brown, are credibility determinations addressed on cross-examination, not due process violations. For these reasons and those analyzed by this Court above, when the entire record before the Court is examined, Petitioner-Defendant's claims that his counsel was ineffective are entirely without merit and are respectfully denied by this Court.

## V.     Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as

true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Petitioner-Defendant's ineffective assistance claims are facially inadequate.

## VI.     Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses the assertions of Petitioner-Defendant that he received ineffective assistance of counsel under *Strikland*, either at the trial level or the appellate level. In fact, not only was there not any actual

prejudice to Petitioner-Defendant, but, based on the record before this Court, the Court cannot envision any evidence that it could have received or excluded that would have changed the verdicts in this case or the sentencing.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Edward McCabe Robinson's *pro se* Motion Under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. [462]) is respectfully **DENIED**.

2. Petitioner-Defendant Edward McCabe Robinson's *pro se* Motion Directing the Government to Serve Petitioner with a Copy of Their Response to His Motion to Vacate Pursuant to 28 U.S.C. § 2255, or if They Have Failed to File a Response, Hear Petitioner's Motion Without the Benefit of Their Response (Doc. No. [496]) is **DENIED AS MOOT**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 9, 2017     s/Donovan W. Frank
                          DONOVAN W. FRANK
                          United States District Judge